**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TRAVIS WALDEN,

    Petitioner,

v.                                               Case No. 3:18-cv-1022-TJC-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

**I.   Status**

Petitioner, Travis Walden, an inmate of the Florida penal system, initiated this action in the Northern District of Florida by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. Then, the Honorable Gary R. Jones, United States Magistrate Judge, transferred the case to this Court. See Doc. 4. Petitioner challenges a state court (Duval County, Florida) judgment of conviction for which he is serving a life term of incarceration. Doc. 1 at 1. Respondents argue that the Petition is

untimely filed and request dismissal of this case with prejudice. See Doc. 16 (Resp.).¹ Petitioner replied. See Doc. 18. This case is ripe for review.

## II. **One-Year Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

¹ Attached to the Response are several exhibits. The Court cites the exhibits as "Resp. Ex."

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. <u>Analysis</u>

On June 3, 2011, a jury found Petitioner guilty of two counts of sexual battery upon a person less than twelve years old. Resp. Ex. A at 174-75. On July 26, 2011, the trial court sentenced Petitioner to a life term of incarceration as to each count. Resp. Ex. B at 210-14. On December 17, 2012, the First District Court of Appeal per curiam affirmed Petitioner's judgment and sentences without a written opinion. Resp. Ex. J. Petitioner's judgment and sentences became final ninety days later on March 18, 2013.[2] Petitioner's federal one-year statute of limitations began to run the next day, March 19, 2013. His one-year limitations period then expired on Wednesday, March 19, 2014, without

---

[2] The ninetieth day fell on a Sunday, thus Petitioner had until Monday, March 18, 2013, to file a petition for writ of certiorari seeking review in the United States Supreme Court.

3

Petitioner filing any state postconviction motions that would toll the one-year period.

After the expiration of his statute of limitations, Petitioner filed with the trial court his first motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on December 11, 2014. Resp. Ex. K. Because there was no time left to toll, however, Petitioner's motion for postconviction relief did not toll the federal one-year limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). As such, the Petition, filed on August 13, 2018, is untimely filed.

Because the Petition is untimely, to proceed, Petitioner must show he is entitled to equitable tolling. "When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States

4

Supreme Court established a two-prong test for equitable tolling of the one-year limitations period, stating that a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting the Eleventh Circuit "held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

In his Reply, Petitioner argues that he is entitled to equitable tolling because he was placed in close management when he entered FDOC custody and he has been denied adequate access to the law library and law clerks. Doc. 18 at 2-3. He also argues that he has been undergoing mental health treatment, "being heavily sedated with medications from August 11, 2011 and is currently under the same treatment," and thus he has been forced to rely on law clerks to file postconviction motions. Id.

This Court finds Petitioner's argument about his lack of legal resources to be unavailing. See Miller v. Florida, 307 F. App'x 366, 368 (11th Cir. 2009) (affirming a district court's dismissal of a habeas petition as untimely; "restricted access to a law library, lock-downs, and solitary confinement," as well as "lack of legal training" and "inability to obtain appointed counsel" seldom qualify as circumstances warranting equitable tolling); Paulcin v.

5

McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) (finding that an inmate's "transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances"); Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005); Perry v. Sec'y, Dep't of Corr., No. 6:14-cv-262-Orl-31TBS, 2016 WL 345526, at *3 (M.D. Fla. Jan. 28, 2016) (unpublished) (acknowledging that "[f]actors such as a lack of access to a law library, lack of legal papers, ignorance of the law, lack of education, and pro se status are not considered extraordinary circumstances that would excuse an untimely habeas petition" (citations omitted)).

The Court also finds Petitioner's generalized allegations about his mental health treatment to be insufficient to show the necessary extraordinary circumstances warranting equitable tolling. See Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005) (finding that the petitioner's alleged low IQ and conclusory claim that he suffered from mental impairments his entire life, without more, failed to establish a causal connection between his alleged mental incapacity and his ability to timely file petition). "[M]ental impairment is not per se a reason to toll a statute of limitations." Hunter v. Ferrell, 587, F.3d 1304, 1308 (11th Cir. 2009) (citation omitted). Rather, the standard is rigorous: "To be entitled to equitable tolling on the basis of mental illness, a petitioner must show more than that it is difficult for him to understand and act upon his legal rights; rather, he must show that he was incapable of preparing and filing a

federal habeas petition . . . any earlier than he did." Hay v. Sec'y, DOC, No. 3:15-cv-619-J-39PDB, 2017 WL 3387385, at *4 (M.D. Fla. Aug. 7, 2017) (internal quotation and citation omitted). The record demonstrates that Petitioner filed a Rule 3.850 motion with the trial court eight months after his federal statute of limitations expired, and at the trial court's direction, filed two amended Rule 3.850 motions afterward. See Resp. Exs. K-P. The Court is not convinced that Petitioner's alleged mental impairment prevented him from filing his state collateral motions before March 2014, but he somehow obtained the ability to file them in December 2014. Under these circumstances, the Court finds that Petitioner is not entitled to equitable tolling.

To the extent Petitioner claims actual innocence, he also fails to meet his burden. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To avoid the one-year limitations period based on actual innocence, a petitioner must "present new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (quotations and citations omitted); see Schlup v. Delo, 513 U.S. 298, 327 (1995) (finding that to make a showing of actual innocence, a petitioner

must show "that it is more likely than not that no reasonable juror would have found [the p]etitioner guilty beyond a reasonable doubt").

Petitioner has not offered any new reliable evidence that was unavailable at the time of his trial. He has not produced exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence not previously available. Indeed, he has failed to point to any evidence to show it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt because of new evidence.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[3]

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of July, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:  Travis Walden, #J44814
    Jennifer J. Moore, Esq.

---

[3] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.